**In re Wayne Gordon REITBERGER and Linda Marie Reitberger, Debtors.**

No. 11–30633.

United States Bankruptcy Court, D. Minnesota.

Sept. 20, 2011.

Nathan Myrum Hansen, Nathan M. Hansen, North St. Paul, MN, for Debtor.

## ORDER SUSTAINING OBJECTION TO CONFIRMATION AND DENYING MOTION TO DISMISS

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard August 11, 2011, on confirmation of the debtors' proposed Modified Chapter 13 Plan dated June 6, 2011. The IRS objects to confirmation. Lisa Woods appeared for the IRS and Nathan Myrum Hansen appeared for the debtors. The Court, having received and reviewed briefs filed by the parties, heard and considered arguments made at the hearing, and being fully advised in the matter, now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I

■ The debtors filed their Chapter 13 petition on February 1, 2011. The IRS has an allowed claim of $17,905.34, secured by a federal tax lien. The debtors' proposed plan provides that they will surrender their property securing the claim to the IRS in satisfaction of the claim pursuant to 11 U.S.C. § 1325(a)(5)(C). The IRS objects to the provision, arguing that federal tax liens are not subject to the surrender provisions of § 1325(a)(5)(C). Additionally, the IRS objects to the plan because it does not provide for the payment of taxes that will come due for the years covered by the plan. The Court sustains the objections and denies confirmation.[1]

### II

■ Federal tax liens are not subject to the surrender provisions of 11 U.S.C. § 1325(a)(5)(C). *In re Rowell,* 421 B.R. 524, 532, 533 (Bankr.D.Minn.2009). See also, *In re White,* 487 F.3d 199 (4th Cir. 2007).

■ In compliance with 11 U.S.C. § 1325(a)(1), (3) & (6), federal tax liabilities that come due for tax years ending while the case is pending must be paid when due. Under circumstances where debtors have substantial pre-petition tax

---

1. The IRS also moved to dismiss the case pursuant to 11 U.S.C. § 1307(c)(5), which provides for dismissal upon denial of confirmation of a plan and denial of a request for additional time to propose another. The motion is premature because the debtors should be afforded time to request additional time after being made aware of denial of confirmation.

delinquencies, like those here,[2] proposed plans must provide for payment of taxes coming due during the plan period to demonstrate feasibility. *Rowell*, 421 B.R. at 537–538.

### III

Accordingly, the plan is not confirmable, and confirmation of the debtors' Modified Chapter 13 Plan dated June 6, 2011, is **DENIED.** For the reasons stated in footnote 1, the IRS motion to dismiss the case is also **DENIED.**

2. The IRS has total allowed claims of $67,367.55, in the case.